# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63ʳᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212-763-0883
DIRECT EMAIL    shecker@kaplanhecker.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/4/2022
```

September 30, 2022

**VIA EMAIL & ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *CFTC v. Gorman*, No. 21-cv-00870 (VM)

Dear Judge Marrero:

      We represent Defendant John Gorman in the above-captioned case. This letter-motion respectfully seeks permission to maintain redactions of non-party personal identifying information from exhibits that accompany today's concurrently filed motion to dismiss two counts of the CFTC's complaint.

      In addition to a memorandum of law, Mr. Gorman's motion to dismiss includes a declaration from the undersigned and four accompanying exhibits that are "integral to the complaint" and appropriate for consideration on a motion to dismiss. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Those as-filed exhibits redact certain personal information (*e.g.*, names, email addresses, and phone numbers) for individuals who are not parties to the matter. Their names and contact information are irrelevant to the meaning and significance of the documents in which they appear, and unredacted versions of the same documents were produced to the Plaintiff, the CFTC, at least three years ago. Because there is no discernible public interest in the names or contact information of these non-parties, and in order to protect their privacy interests, we respectfully request that the Court permit Mr. Gorman to maintain these redactions.

      Redactions like those sought by this motion are appropriate because particular "privacy interests" outweigh the qualified public right of access to judicial documents. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (describing applicable balancing test). Courts regularly find the balance tips in favor of protecting individual non-parties' personal identifiable information "[b]ecause of [their] significant privacy interests," "the lack of relevance of this information to any issue in [a] litigation," *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021), and the "minimal countervailing public interest in the disclosure of such personally identifying information" for unrelated, non-parties, *Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019).

**KAPLAN HECKER & FINK LLP**  2

    We therefore ask the Court to exercise its discretion to permit the redactions and protect the privacy interests of individual non-parties to this litigation.

    Thank you for your consideration of this request.

                                             Respectfully submitted,

Sean Hecker
Michael Ferrara
Justin Horton
Molly K. Webster
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
shecker@kaplanhecker.com
mferrara@kaplanhecker.com
jhorton@kaplanhecker.com
mwebster@kaplanhecker.com

*Counsel for Defendant John Gorman*

cc:    Counsel for Plaintiff, the CFTC (by ECF)



Request GRANTED. Defendant's request to maintain redactions of non-party personal identifying information from exhibits filed with its Motion to Dismiss is granted. The un-redacted versions shall remain under seal.

SO ORDERED.

10/4/2022
DATE

VICTOR MARRERO, U.S.D.J.