UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>        Plaintiff,<br><br>      v.<br><br>JOHN PATRICK GORMAN III,<br><br>        Defendant. | Case No. 21-cv-00870 (VM) |

## **DEFENDANT'S ANSWER TO THE COMPLAINT**

  Defendant John Gorman, by his undersigned attorneys, hereby submits his Answer to the Complaint of the Commodity Futures Trading Commission, and on his personal knowledge to his own actions, and upon information and belief as to the actions of others states as follows:[1]

  1.  Denies the allegations of Paragraph 1, except admits that during the Relevant Period, Gorman was a U.S. dollar swaps trader and managing director of a global investment bank (collectively with its affiliates, the "Bank") for a U.S. affiliate of the Bank, trading from Tokyo, Japan.

  2.  Denies the allegations of Paragraph 2, except admits that the Issuer entered into the Issuer Swap with a Japanese affiliate of the Bank in connection with the Bond Issuance, and that the Bond Issuance and Issuer Swaps were priced on February 3, 2015, using prices displayed from the SEF Broker Firm (19901").

  3.  States that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3, except admits that under the terms of the Issuer Swap,

---

[1] The Complaint utilizes headings and subheadings, to which no response is required. To the extent that any of the headings or subheadings present factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

the Bank, through Gorman, would be "buying" a swap from the Issuer based on terms set during the pricing call.

 4. Denies the allegations of Paragraph 4, except refers to the quoted communication for its contents.

 5. Denies the allegations of Paragraph 5.

 6. Denies the allegations of Paragraph 6.

 7. Denies the allegations of Paragraph 7, except refers to the quoted communication for its contents.

 8. Denies the allegations of Paragraph 8.

 9. Denies the allegations of Paragraph 9.

 10. Denies the allegations of Paragraph 10.

 11. Denies the allegations of Paragraph 11.

 12. Denies the allegations of Paragraph 12, except admits that the Commission purports to seek the relief described therein.

 13. Denies the allegations of Paragraph 13.

 14. Denies the allegations of Paragraph 14, except admits that the Commission purports to bring an action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 7 U.S.C. § 13a-1 (2018).

 15. Denies the allegations of Paragraph 15, except admits that venue is proper in this District.

 16. States that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16, but admits that the Commodity Futures Trading Commission is a federal regulatory agency charged by Congress with the administration and enforcement of the Act and the Regulations.

17. Admits the allegations of Paragraph 17.

18. States that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, except admits that the Issuer is an Asian financial institution.

19. Admits the allegations of Paragraph 19.

20. States that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20, except that the Issuer selected the Bank's Japanese affiliate to provide the Issuer Swap.

21. Denies the allegations of Paragraph 21.[2]

22. Admits the allegations of Paragraph 22.

23. States that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23, except admits that the SEF Broker Firm had brokers located both in the United Kingdom and in the United States.

24. States that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24.

25. States that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25.

26. Denies the allegations of Paragraph 26.

27. Denies the allegations of Paragraph 27.

28. Denies the allegations of Paragraph 28, except admits that the Pricing Call began at 1:15am Japan Standard Time (JST) on February 4, 2015.

---

[2] The Complaint includes footnotes within its paragraphs. For the avoidance of doubt, Defendant's response to any paragraph in the Amended Complaint applies with equal force to any footnotes associated with that paragraph.

29. Denies the allegations of Paragraph 29, except refers to the quoted communication for its contents.

30. Denies the allegations of Paragraph 30, except refers to the quoted communication for its contents.

31. Denies the allegations of Paragraph 31, except admits that, prior to the Pricing Call, Gorman texted with the Desk Head, who was located in New York, and states that Gorman lacks knowledge or information sufficient to form a belief as to his precise location or that of the Desk Head leading up to and during the Pricing Call.

32. Denies the allegations of Paragraph 32, except refers to the quoted communication for its contents.

33. Denies the allegations of Paragraph 33, except refers to the quoted communication for its contents.

34. Denies the allegations of Paragraph 34, except refers to the quoted communication for its contents.

35. Denies the allegations of Paragraph 35, except refers to the quoted communication for its contents.

36. Denies the allegations of Paragraph 36, except refers to the quoted communication for its contents.

37. Denies the allegations of Paragraph 37, except states that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegations about the pricing reflected on 19901 screen.

38. Denies the allegations of Paragraph 38, except refers to the quoted communication for its contents.

39. Denies the allegations of Paragraph 39, except admits that Gorman communicated with the Broker before the Pricing Call and refers to the communications for its contents, and states that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegation concerning the information available to the Issuer.

40. Denies the allegations of Paragraph 40, except admits that Gorman communicated with the Broker before the Pricing Call and refers to the quoted communication for its contents.

41. States that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41, except refers to the quoted communication for its contents.

42. Denies the allegations of Paragraph 42, except admits that Gorman sold $50 million worth of Ten-Year Swap Spreads and states that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegation concerning the information available to the Issuer.

43. Denies the allegations of Paragraph 43, except refers to the quoted communication for its contents.

44. Denies the allegations of Paragraph 44, except admits that Gorman joined the dry run on the Pricing Call and refers to the quoted communication for its contents, and states that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegation concerning the information available to the Issuer.

45. Admits the allegations of Paragraph 45, but denies the allegations in the last sentence.

46. Denies the allegations of Paragraph 46.

47. Denies the allegations of Paragraph 47, except admits that the participants on the Pricing Call agreed that the price on the 19901 screen was 13.5, which was used to price the Issuer Swap.

48. Admits the allegations of Paragraph 48, except states that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegation in the last sentence.

49. Denies the allegations of Paragraph 49.

50. Denies the allegations of Paragraph 50.

51. Denies the allegations of Paragraph 51, except refers to the quoted communication for its contents.

52. Denies the allegations of Paragraph 52, except refers to the quoted communication for its contents.

53. Denis the allegations of Paragraph 53.

54. Denies the allegations of Paragraph 54, except refers to the quote communication for its contents.

55. Denies the allegations of Paragraph 55.

56. Denies the allegations of Paragraph 56.

57. Denies the allegations of Paragraph 57, except admits that, at times, Gorman used his personal cell phone to communicate with other Bank employees about certain business-related matters.

58. Denies the allegations of Paragraph 58, except admits that (a) Gorman was aware that the Commission could, and did, investigate trading activities in connection with pricing swap transactions, and (b) Gorman's trading had been the subject of an investigation by the Commission.

59. Denies the allegations of Paragraph 59, except refers to the quoted communication for its contents.

60. Denies the allegations of Paragraph 60.

61. Denies the allegations of Paragraph 61, except refers to the quoted communication for its contents.

62. Admits the allegations of Paragraph 62.

63. Admits the allegations of Paragraph 63.

64. Admits the allegations of Paragraph 64.

65. Denies the allegations of Paragraph 65.

66. Denies the allegations of Paragraph 66.

67. Admits the allegations of Paragraph 67.

68. Denies the allegations of Paragraph 68.

69. Admits that Gorman's personal phone was imaged on April 24, 2019, except states that Gorman lacks knowledge or information sufficient to form a belief about the responsiveness of its contents.

70. Denies the allegations of Paragraph 70, except refers to the quoted communication for its contents.

71. Admits the allegations in Paragraph 71.

72. Admits the allegations in Paragraph 72, except the allegation contained in the last sentence of Paragraph 72 which calls for information protected by the attorney-client privilege.

73. Denies the allegations in Paragraph 73.

74. States that Gorman lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 74.

75. Admits the allegations in Paragraph 75, except denies that he testified that his WhatsApp communications with employees of the Bank other than traders on the Swaps Desk were "entirely social" and did not have "any relevance" to the Commission's investigation, and, instead, refers to his testimony for its contents.

76. Denies the allegations in Paragraph 76.

77. Denies the allegations in Paragraph 77.

78. Denies the allegations in Paragraph 78.

79. Denies the allegations in Paragraph 79.

80. Repeats, realleges and incorporates herein by reference Gorman's responses to paragraphs 1 through 79 as if fully set forth herein.

81. States that Paragraph 81 states a legal conclusion to which no answer is required and refers to 7 U.S.C. § 9(1) for its contents.

82. States that Paragraph 82 states a legal conclusion to which no answer is required and refers to 17 C.F.R. § 180.1(a) for its contents.

83. States that Paragraph 83 states a legal conclusion to which no answer is required and refers to 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a) for their contents.

84. Denies the allegations in Paragraph 84.

85. Denies the allegations in Paragraph 85.

86. Denies the allegations in Paragraph 86.

87. Denies the allegations in Paragraph 87.

88. Denies the allegations in Paragraph 88.

89. Repeats, realleges and incorporates herein by reference Gorman's responses to paragraphs 1 through 88 as if fully set forth herein.

90. States that Paragraph 90 states a legal conclusion to which no answer is required and refers to 7 U.S.C. § 9(3) for its contents.

91. States that Paragraph 91 states a legal conclusion to which no answer is required and refers to 7 U.S.C. § 13(a)(2) for its contents.

92. States that Paragraph 92 states a legal conclusion to which no answer is required and refers to 17 C.F.R. § 180.2 for its contents.

93. States that Paragraph 93 states a legal conclusion to which no answer is required and refers to 7 U.S.C. § 9(3) and 7 U.S.C. § 13(a)(2), and 17 C.F.R. § 180.2 for their contents.

94. Denies the allegations in Paragraph 94.

95. Denies the allegations in Paragraph 95.

96. Repeats, realleges and incorporates herein by reference Gorman's responses to paragraphs 1 through 95 as if fully set forth herein.

97. States that Paragraph 97 states a legal conclusion to which no answer is required and refers to 7 U.S.C. § 9(2) for its contents.

98. Denies the allegations in Paragraph 98.

99. Denies the allegations in Paragraph 99.

100. Denies the allegations in Paragraph 100.

## JURY DEMAND

101. Defendant demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 28, 2023

New York, New York

By: /s/ Sean Hecker

Sean Hecker
Michael Ferrara
Shawn Geovjian Crowley
Alexandra Conlon
Helen F. Andrews
Molly Webster
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
shecker@kaplanhecker.com
mferrara@kaplanhecker.com
scrowley@kaplanhecker.com
aconlon@kaplanhecker.com
handrews@kaplanhecker.com
mwebster@kaplanhecker.com

*Counsel for Defendant John Gorman*