

**COMMODITY FUTURES TRADING COMMISSION**
290 Broadway, 6th Floor
New York, New York 10007
Telephone: (646) 746-9700
Facsimile:  (646) 746-9940

Division of
Enforcement

July 19, 2023

**BY ECF**

The Hon. Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007

    Re:    <u>*CFTC v. Gorman*</u>, **No. 21-CV-870 (S.D.N.Y.) – Status Letter**

Dear Judge Clarke:

    In accordance with the Court's July 5, 2023 Notice of Reassignment (Dkt. 65), the parties in the captioned case write jointly to provide the Court with a status update on this matter.

1. **Names of counsel and current contact information, if different from the information currently reflected on the docket:**

    a. <u>Counsel for Plaintiff</u>

    R. Stephen Painter, Jr., spainter@cftc.gov
    Devin M. Cain, dcain@cftc.gov
    Alyson Cohen, acohen@cftc.gov

    Commodity Futures Trading Commission
    290 Broadway, 6th Floor
    New York, NY 10007
    Tel:  646-746-9700

    b. <u>Counsel for Defendant</u>

    Sean Hecker, shecker@kaplanhecker.com
    Michael Ferrara, mferrara@kaplanhecker.com
    Alysha M. Naik, anaik@kaplanhecker.com
    Helen Andrews, handrews@kaplanhecker.com

    Kaplan Hecker & Fink LLP
    350 Fifth Avenue

>63rd Floor
>New York, NY 10118
>(212) 763-0883

2. **A brief statement of the nature of the case and/or the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion:**

    a. <u>Nature of the Claims</u>

Plaintiff Commodity Futures Trading Commission ("CFTC") brings this case alleging that Defendant John Gorman engaged in a scheme to deceive and to manipulate the price of U.S. dollar interest rate swap spreads published on a screen displaying prices from a swap execution facility broker firm in the United States. The CFTC further alleges that Gorman engaged in this scheme in order to benefit his bank employer (the "Bank") in a separate interest rate swap transaction with a bond issuer ("Issuer"). The CFTC alleges that Gorman's manipulative or deceptive conduct violated Section 6(c)(1) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 9(1), and CFTC Regulation ("Regulation") 180.1(a), 17 C.F.R. § 180.1(a) (2020) (Count I); and violated Section 6(c)(3) and 9(a)(2) of the Act, 7 U.S.C. §§ 9(3) and 13(a)(2), and Regulation 180.2, 17 C.F.R. § 180.2 (2020) (Count II).

As detailed in the CFTC's Complaint, the CFTC alleges that Gorman intended to cause an artificial price for ten-year U.S. dollar interest rate swap spreads with his trading. Gorman discussed in detail with his supervisor his scheme to manipulate the price of ten-year swap spreads. Among other things, the two discussed how far Gorman thought he would be able to move the relevant screen price. The CFTC's Complaint further alleges that Gorman was not trading ten-year swap spreads because he legitimately wanted to sell at that price level, but rather, in his words, to "get the print," i.e., move the screen down. Further, Gorman traded ten-year swap spreads to move the price down even though he knew that there was buying interest and that he expected the market to rise.

The CFTC further alleges that Gorman later tried to cover up his misconduct by falsely claiming that he had complied with a preservation request by the CFTC (when in fact he had deleted communications covered by the preservation request) and by falsely telling the CFTC in sworn investigative testimony that he only used WhatsApp to communicate about social topics with certain other employees of the Bank, when in fact he also used WhatsApp to discuss trading and other business-related topics, in violation of 6(c)(2) of the Act, 7 U.S.C. § 9(2) (Count III).

    b. <u>Principal Defenses</u>

Mr. Gorman disputes the CFTC's allegations. Mr. Gorman maintains that, contrary to the CFTC's principal claim, he did not make the legitimate open-market trades at issue with an unlawful, manipulative intent. Instead, Mr. Gorman made those trades with a legitimate economic rationale – to offset, or hedge, a billion-dollar risk associated with an interest rate swap transaction between the Bank and the Issuer (the "Issuer Swap"). Mr. Gorman did not cause, nor did he

Hon. Jessica G.L. Clarke, U.S.D.J.
July 19, 2023
Page 3

attempt to cause, an artificial price for ten-year U.S. dollar interest rate swap spreads. Mr. Gorman's trades, and any potential change in price, reflected the legitimate forces of supply and demand and cannot be the basis for a manipulation or attempted manipulation claim. Further, Mr. Gorman did not intentionally make false or misleading statements to the CFTC concerning his preservation of communications or his use of WhatsApp, and any such alleged statements were not material.

   3. **A brief explanation of why jurisdiction and venue lie in this Court:**

This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1345, which provides that district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress. In addition, Section 6c of the Commodity Exchange Act, 7 U.S.C. § 13a-1, provides that district courts have jurisdiction to hear actions brought by the Commission for injunctive relief and to enforce compliance with the Act. Venue also properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e), because the alleged violations of the Act occurred within this District.

   4. **A statement of all existing deadlines, due dates, and/or cut-off dates:**

Pursuant to the Court's Case Management Plan and Scheduling Order (Dkt. 63), existing deadlines are as follows:

| | |
|---|---|
| Completion of fact discovery (including depositions and service of requests to admit) | August 19, 2024 |
| A conference to take place, if necessary, within fourteen (14) days following the close of fact discovery | September 3, 2024 |
| Service of interrogatories | July 22, 2024 |
| Plaintiff's expert report(s) | September 23, 2024 |
| Defendant's expert report(s) | October 28, 2024 |
| Plaintiff's expert rebuttal report(s) and deadline to complete deposition of Defendant's expert(s) | November 29, 2024 |
| Deadline to complete deposition of Plaintiff's expert(s) | December 30, 2024 |
| Following all discovery, counsel must meet for at least one hour to discuss settlement, such conference to be held not later than 14 days after the deadline for the completion of expert discovery | January 13, 2025 |

   5. **A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed:**

A case management conference is scheduled for August 30, 2024 at 10:00 a.m.

6. **A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought:** None.

7. **A statement and description of any pending appeals:** None.

8. **A detailed statement of any discovery that has already taken place, including how many depositions each party has taken and what, if any, discovery remains that is necessary for the parties to engage in meaningful settlement negotiations:**

The parties have served their Fed. R. Civ. P. 26 disclosures, their first requests for production, and their responses and objections to those requests.

The CFTC's position: No additional discovery is necessary for the parties to engage in meaningful settlement negotiations.

Mr. Gorman's position: In response to two subpoenas issued by the CFTC to Mr. Gorman in 2019 and 2020 that sought information that substantially overlaps with the allegations in the CFTC's Complaint, Mr. Gorman already produced responsive information. For that reason, Mr. Gorman does not believe that any further discovery is needed for the parties to engage in meaningful settlement negotiations.

9. **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands:**

The parties discussed the prospect at the Fed. R. Civ. P. 26(f) conference.

The CFTC's position: The parties have not to date discussed specific potential terms of settlement, but intend to do so.

Mr. Gorman's position: The parties have discussed broad parameters for potential settlement terms. As of May 15, 2023, the CFTC's Division of Enforcement was in the process of putting together settlement parameters that the Division would be willing to recommend to the Commission to resolve this matter. *See* Dkt. 61. As of the date of this filing, Mr. Gorman has not received any such parameters from the Division.

10. **A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate:**

The parties discussed the possibility of alternate dispute resolution mechanisms at the Fed. R. Civ. P. 26(f) conference.

Hon. Jessica G.L. Clarke, U.S.D.J.
July 19, 2023
Page 5

<u>The CFTC's position</u>: The CFTC is of the view that ADR would most likely be appropriate, if at all, at the conclusion of fact discovery, and the CFTC prefers proceeding in front of the Magistrate Judge, as opposed to the District's Mediation Program or a privately retained mediator. To correct Gorman's statement below that the CFTC does not consent "to proceed before the Magistrate Judge": that statement does not reflect the CFTC's position regarding the appropriate ADR mechanism for this case; rather, as set forth in the Case Management Plan and Scheduling Order (Dkt. 63), the CFTC does not consent to *all* proceedings in this case being conducted by the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

<u>Mr. Gorman's position</u>: Mr. Gorman consents to proceed before the Magistrate Judge assigned to this case, but the CFTC does not. Mr. Gorman also consents to a settlement conference before a Magistrate Judge, participation in the District's Mediation Program, and/or the retention of a privately retained mediator after the close of fact discovery.

**11. An estimate of the length of trial:**

The parties estimate trial in this matter would take three weeks.

**12. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case:**

<u>The CFTC's position</u>: Prior to the case being reassigned, Judge Marrero issued two decisions with respect to Defendant's motion to dismiss. *See* Dkts. 20, 56.

<u>Mr. Gorman's position</u>: Mr. Gorman also respectfully directs the Court's attention to the two motion to dismiss decisions in this case. Dkts. 20, 56. Mr. Gorman also notes that in response to two subpoenas issued by the CFTC to Mr. Gorman in 2019 and 2020 that sought information that substantially overlaps with the allegations in the CFTC's Complaint, Mr. Gorman already produced responsive information.

Respectfully submitted,

<u>/s/  Sean Hecker</u>
Sean Hecker
Michael Ferrara
Alysha M. Naik
Helen Andrews
Molly Webster
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
*Attorneys for Defendant*

<u>/s/  Alyson Cohen</u>
Alyson Cohen
Devin Cain
R. Stephen Painter, Jr.
COMMODITY FUTURES TRADING COMMISSION
290 Broadway, 6th Floor
New York, New York 10007
*Attorneys for Plaintiff*