UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

COMMODITY FUTURES TRADING COMMISSION,
       Plaintiff,

      - against -                             ECF Case

JOHN PATRICK GORMAN III,            No. 21 Cv. 00870 (JGLC)
       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


# THE GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION TO INTERVENE

                                                 DAMIAN WILLIAMS
                                                 United States Attorney for the
                                                 Southern District of New York
                                                 Attorney for the United States
                                                 of America


Marguerite B. Colson
Assistant United States Attorney
    *- Of Counsel -*

**INTRODUCTION AND BACKGROUND**

The United States of America, by and through the United States Attorney for the Southern District of New York (the "Government"), respectfully submits this memorandum in support of its application to intervene in the above-captioned civil action brought by the Commodity Futures Trading Commission (the "CFTC") against John Patrick Gorman III (the "CFTC Case"), pursuant to Rule 24 of the Federal Rules of Civil Procedure.

The CFTC Case arises out of allegations that Gorman, a U.S. dollar swaps trader and managing director of a global investment bank (the "Bank"), engaged in a scheme to deceive and to manipulate the price of U.S. dollar interest rate swap spreads published on a screen displaying prices from a swap execution facility broker firm in the United States. Gorman allegedly engaged in this scheme to benefit the Bank in a separate interest rate swap transaction with a bond issuer. The relevant factual allegations are set forth in the CFTC's complaint against Gorman (the "CFTC Complaint"). (ECF No. 1).

The CFTC Complaint was filed on February 1, 2021. On November 22, 2024, Gorman filed a motion to require: i) the CFTC to produce certain material in the agency's possession; and ii) to compel the CFTC to produce certain material in the possession of the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"). (ECF. No. 94) (the "Motion"). The Government respectfully requests permission to intervene in the CFTC Case and thereafter file a brief addressing the defendant's second request in the Motion. Further, the Government respectfully requests until December 27, 2024 to file such brief.

**I.  THE GOVERNMENT SHOULD BE GRANTED PERMISSION TO INTERVENE**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, anyone may intervene as of right in an action when the applicant "claims an interest relating to the property or transaction that

is the subject of the action" and the applicant "is so situated that 'disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests. . . .'" Alternatively, Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact."

The Second Circuit has long recognized that the Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988). Cognizant of that interest, courts generally "have allowed the government to intervene in civil actions—especially when the Government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC v. Credit Bancorp, Ltd.*, 297 F.3d 127, 130 (2d Cir. 2002)

Whether permitted under Rule 24 or granted as a matter of right, intervention is warranted. In this case, Gorman seeks to compel the CFTC to produce materials solely within the possession of USAO-SDNY. The Government's interest in the enforcement of federal criminal law—including the scope of criminal discovery and control over its own investigative file—cannot be protected adequately by the existing parties in the CFTC Case, neither of whom is charged with investigating and enforcing federal criminal statutes. *See, e.g., Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996) ("[T]he Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties. The Government has a distinct and discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter. . . . Clearly neither the plaintiff nor the defendants have this identical interest." (internal quotation marks and citation omitted)); *LaBianca*, 801 F. Supp. at 1009 (citing *Radutzky v. Walert,* 87 Cv. 4340 (E.D.N.Y. June 15, 1989)

3

(Nickerson, J.) (finding both forms of intervention appropriate because "[t]he United States, charged with enforcing federal criminal law, has an interest in the subject matter of [the civil] action.").

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that its application to intervene and file a responsive brief by December 27, 2024 be granted.

Dated: New York, New York
November 26, 2024

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Marguerite B. Colson
Assistant United States Attorney