**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PATRICK GORMAN III,<br><br>Defendant. | Case No. 21-cv-870 |

**CONSENT ORDER FOR PERMANENT INJUNCTION AND CIVIL MONETARY PENALTY AND ORDER DISMISSING COUNTS I AND II OF THE COMPLAINT AS TO DEFENDANT JOHN PATRICK GORMAN III**

## I. INTRODUCTION

On February 1, 2021, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a three-count Complaint against Defendant John Patrick Gorman III ("Gorman" or "Defendant"), seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2025).

## II. CONSENTS AND AGREEMENTS

To effect settlement of Count III alleged in the Complaint, without a trial on the merits or further judicial proceedings, Defendant:

1. Consents to the entry of this Consent Order for Permanent Injunction and Civil Monetary Penalty and Order Dismissing Counts I and II of the Complaint as to Defendant John Patrick Gorman III ("Consent Order");

2. Affirms he has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the Commission over the conduct at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

7. Agrees to the dismissal of Counts I and II of the Complaint;

8. Waives:

(a) Any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2025), relating to, or arising from, this action;

(b) Any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–253, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

(c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

(d) Any and all rights of appeal from this action;

9. Agrees for purposes of the waiver of any and all rights under the Equal Access to Justice Act specified in Paragraph 8(a) above, that Defendant is not the prevailing party in this action;

10. Consents to the continued jurisdiction of this Court over him for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendant now or in the future resides outside the jurisdiction of this Court;

11. Agrees that he will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

12. Consents to the entry of this Consent Order without admitting any findings or conclusions in this Consent Order, except as to jurisdiction and venue, which he admits;

13. Consents to the use of the Findings of Fact and Conclusions of Law in this Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, and agrees that they shall be taken as true and correct and be given preclusive effect therein, without further proof;

14. Does not consent, however, to the use of this Consent Order, or the Findings of Fact and Conclusions of Law herein, as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than a: statutory disqualification proceeding; proceeding in bankruptcy or receivership; or proceeding to enforce the terms of this Order;

15. Does not consent to the use of this Consent Order, or the Findings of Fact or Conclusions of Law herein, by any party in any other proceeding;

16. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant in any other proceeding; provided, however, that Defendant does not agree that any provision of

this Consent Order inures to the benefit of, or confers rights on, any other person or entity to seek any legal or equitable remedy that does not exist independently of this Consent Order, or that this Consent Order or any provision herein is admissible in any proceeding not involving the Commission.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, and injunctive relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein. The findings and conclusions in this Consent Order are not binding on any other party to this action.

**THE PARTIES AGREE AND THE COURT HEREBY FINDS:**

### A. Findings of Fact

**The Parties to this Consent Order**

17. Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act and the Regulations.

18. Defendant John Patrick Gorman III is a U.S. citizen currently residing in the United Kingdom. From February 2015 through at least early 2021, he was employed as a U.S. dollar swaps trader and managing director of a global investment bank (collectively with its affiliates, the "Bank") and remains employed by the Bank. The Bank suspended Defendant from trading on or about February 1, 2021, following the filing of the Commission's Complaint.

**Defendant's False Statements to the Commission**

19. The Commission commenced an investigation into certain trading by Defendant and the Bank in connection with interest rate swaps transactions related to bond issuances, including trading by Defendant on February 3, 2015.

20. As part of that investigation, on March 15, 2019, staff of the Commission's Division of Enforcement ("Division") sent Defendant, via his counsel, a preservation request, asking that he preserve, among other things: "All communications with any current or former employee of [the Bank]"; "All communications concerning the Commission, bond issuances, swap or treasury trading relating to bond issuances, or any inquiry or investigation concerning bond issuances"; and "All communications on any messaging application (such as Facebook, Whatsapp, Telegram, Slack, or Signal), including any backed up versions of such communications, whether backed up in cloud storage or in any other location." Preservation was requested for the period "March 1, 2014 to the present."

21. Defendant became aware of the preservation request on March 16, 2019, when he received a copy by email.

22. After Defendant became aware of the preservation request, he deleted messages, including WhatsApp messages, that were covered by the preservation request.

23. On March 21, 2019, the Division sent Defendant, via his counsel, a subpoena seeking certain categories of documents, including: "All communications from January 1, 2015 to the present, including but not limited to text messages … and communications on messaging applications … concerning: a. The Commission; b. Bond issuances; c. Swap or treasury trading relating to bond issuances; d. Any inquiry or investigation concerning bond issuances" and "All communications, including but not limited to text messages … and communications on

messaging applications … with any current or former employee of [the Bank from] February 2 to February 5, 2015." The instructions included in the subpoena stated that Defendant had a duty to supplement his responses to the subpoena, and noted that the obligations created by the subpoena were continuing in nature.

24. Defendant's personal phone was imaged on April 24, 2019. When Defendant's personal phone was imaged, it contained no WhatsApp messages that were responsive to the Commission's March 21, 2019 subpoena. Numerous responsive messages were no longer on his phone by April 24, 2019, including March 5, 2019 WhatsApp messages he had with the Desk Head concerning the Commission's investigation.

25. Further, by April 24, 2019, Defendant's phone contained only some of the text messages he exchanged with a Bank swaps trader ("Swaps Trader") and the Desk Head about Defendant's trading on February 3, 2015. Notably, Defendant's phone contained ten messages that he exchanged with the Swaps Trader within a 20-minute period, except one message in the middle of that conversation, which the Division otherwise recovered and stated: "NY had the screen. If he had the screen and it was during LDN I would do it with him. I only care who can move the screen the quickest. Not to be rude, but it's hard enough as it is." Defendant had deleted that single message, which was relevant and material to the Division's investigation.

26. Defendant's phone also contained none of the messages with the Desk Head concerning the February 3, 2015 transaction, including Defendant's message that "I will get the print at 13.25" but not get "through" that price level. These messages were also relevant and material to the Division's investigation.

27. On May 1, 2019, in response to a request by the Division that Defendant provide a written statement about whether or not he had complied with the preservation request,

Defendant's counsel sent a letter to the staff of the Division's Eastern Regional Office, located in New York, New York, which asserted that "Since learning of the Voluntary Preservation Request on March 16, 2019, Defendant has not destroyed or altered any documents covered by the Voluntary Preservation Request's terms."

28. Defendant knew that the Division had asked him to make a statement about his compliance with the request, and Defendant's counsel submitted the letter on Defendant's behalf, based on information that Defendant provided to his counsel.

29. On November 20, 2019, Defendant appeared at the Commission's Eastern Regional Office, in New York, New York, for voluntary testimony under oath. During this testimony, when asked "Have you complied with the preservation request?", Defendant replied "Yes." Later, when asked whether Defendant's counsel's statement made on Defendant's behalf—*i.e.*, "Since learning of the voluntary preservation request on March 16, 2019, Mr. Gorman has not destroyed or altered any documents covered by the voluntary preservation request's terms"—was accurate, Defendant replied "I think so" and that "I don't remember it, but I think it's accurate." When asked whether he took steps after receiving the preservation request not to delete messages, he stated, "the first thing I did was increase the memory on my iCloud from 50 gig to 200 so I didn't lose anything. And then that was it," and that if he had deleted a message after receiving the preservation request it would have been accidental. When asked whether his WhatsApp communications with employees of the Bank other than traders on the swaps desk were "about work topics" or "entirely social," he answered "entirely social, I think." Defendant also testified with respect to certain communications he had with employees of the Bank other than traders on the swap desk that "I don't think there is any relevance [to the Commission's investigation], it was just more social than anything."

30. Defendant's statements in the foregoing paragraphs 27 and 29 were false and misleading. In fact, Defendant had deleted messages covered by the preservation request after receiving the request and had communicated with Bank employees who were not on the swaps desk about Bank business. Defendant knew or reasonably should have known at the time of his statements that the statements were false or misleading.

31. Defendant's statements in the foregoing paragraphs 27 and 29 were material to the Commission's investigation because they were capable of influencing a decision by the Commission, or hindering its investigation.

**B. Conclusions of Law**

**Jurisdiction and Venue**

32. This Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1331 (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (providing that U.S. district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), provides that the Commission may bring actions for injunctive relief or to enforce compliance with the Act or any rule, regulation, or order thereunder in the proper district court of the United States whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

33. Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e), because acts and practices in violation of the Act, including Defendant's November 20, 2019 appearance and testimony at the Commission's office in New York, New York, occurred within this District.

**Defendant Violated Section 6(c)(2) of the Act**

34. By the statements set forth in the foregoing paragraphs 27 and 29, Defendant made false or misleading statements of a material fact to the Commission, or omitted to state in any such statement any material fact that was necessary to make any statement of a material fact made not misleading in any material respect, that he knew, or reasonably should have known, to be false or misleading in violation of Section 6(c)(2) of the Act, 7 U.S.C. § 9(2).

## IV. INJUNCTIVE RELIEF

**IT IS HEREBY ORDERED THAT:**

35. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendant is permanently restrained, enjoined and prohibited from directly or indirectly making any false or misleading statement of material fact to the Commission, or omitting to state in any such statement any material fact that was necessary to make any statement of a material fact made not misleading in any material respect, if Defendant knows or reasonably should know the statement to be false or misleading, in violation of Section 6(c)(2) of the Act, 7 U.S.C. § 9(2).

## V. CIVIL MONETARY PENALTY

36. Defendant shall pay a civil monetary penalty in the amount of ninety-thousand dollars ($90,000) ("CMP Obligation"), within ten days of the date of the entry of this Consent Order. If the CMP Obligation is not paid in full within ten days of the date of entry of this Consent Order, then post-judgment interest shall accrue on the unpaid portion of the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

37. Defendant shall pay his CMP Obligation and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

MMAC/ESC/AMK326
Commodity Futures Trading Commission
6500 S. MacArthur Blvd.
HQ Room 266
Oklahoma City, OK 73169
9-amc-ar-cftc@faa.gov

If payment by electronic funds transfer is chosen, Defendant shall contact the Federal Aviation Administration at the email address above to receive payment instructions and shall fully comply with those instructions. Defendant shall accompany payment of the CMP Obligation with a cover letter that identifies Defendant and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and to Paul G. Hayeck, Deputy Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

38. Partial Satisfaction: Acceptance by the Commission of any partial payment of the CMP Obligation shall not be deemed a waiver of Defendant's obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

## VI. MISCELLANEOUS PROVISIONS

39. To effect resolution of all charges in the Complaint, the parties agree and the Court directs that Counts I and II of the Complaint be dismissed with prejudice, with each party to bear its own costs and fees.

40. Until such time as Defendant satisfies in full the CMP Obligation under this Consent Order, upon the commencement by or against Defendant of insolvency, receivership, or bankruptcy proceedings or any other proceedings for the settlement of Defendant's debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership, bankruptcy, or other proceedings, shall be sent to the address below:

Secretary of the Commission
Office of the General Counsel
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street N.W.
Washington, DC 20581

41. Notice: All notices required to be given by any provision in this Consent Order, except as set forth in paragraph 40 above, shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

Paul G. Hayeck
Deputy Director
Division of Enforcement
Commodity Futures Trading Commission
Three Lafayette Center
1155 21st Street, NW
Washington, D.C. 20581

Notice to Defendant:

Sean Hecker
Hecker Fink LLP

350 Fifth Avenue, 63rd Floor
New York, NY 10118

All such notices to the Commission shall reference the name and docket number of this action.

42. Change of Address/Phone: Until such time as Defendant satisfies in full his CMP Obligation as set forth in this Consent Order, Defendant shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten calendar days of the change.

43. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

44. Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

45. Waiver: The failure of any party to this Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

46. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this

action, including any motion by Defendant to modify or for relief from the terms of this Consent Order.

47. Injunctive Provision: The injunctive relief provision of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise: (1) Defendant; (2) any agent, servant, employee, or attorney of Defendant; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

48. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

49. Contempt: Defendant understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings he may not challenge the validity of this Consent Order.

50. Agreements and Undertakings: Defendant shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Consent Order for Permanent Injunction and Civil Monetary Penalty and Order Dismissing Counts I and II of the Complaint as to Defendant John Patrick Gorman III* forthwith and without further notice. The Clerk of Court is directed to terminate ECF No. 127.

**SO ORDERED**.

Jessica Clarke

JESSICA G. L. CLARKE
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2026
White Plains, New York

CONSENTED TO AND APPROVED BY:

______________________________
John Patrick Gorman III, Defendant

Date: 26/08/2026

Approved as to form:

______________________________
Sean Hecker
Hecker Fink LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118

*Counsel to Defendant*

______________________________
Patryk Chudy, Associate Director
R. Stephen Painter, Jr., Senior Investigative Counsel
Benjamin Rankin, Trial Attorney
Jacob Mermelstein, Trial Attorney
Devin Cain, Trial Attorney

COMMODITY FUTURES TRADING COMMISSION
Ted Weiss Federal Office Building
290 Broadway, Suite 600
New York, NY 10007
Phone: (646) 746-9700
Fax: (646) 746-9938
pchudy@cftc.gov
spainter@cftc.gov
brankin@cftc.gov
jmermelstein@cftc.gov
dcain@cftc.gov

*Counsel to Plaintiff*

Dated August 28, 2026